UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QURESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

June 27, 2022

LETTER TO COUNSEL

Re: *John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378

Dear Counsel:

On June 3, 2021, John O. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

I. **The History of This Case**

Plaintiff filed his claim for financial assistance on March 12, 2019, alleging a disability onset date of January 20, 2016. ECF No. 17-1, at 1. Plaintiff was issued an initial denial of disability insurance financial assistance on September 4, 2019, and his subsequent Request for Reconsideration was likewise denied. *Id.* at 1-2. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") which took place telephonically on December 10, 2020. *Id.* at 2. Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. ECF No. 12, at 14-38. The Appeals Council denied Plaintiff's request for review, ECF No. 12 at 1-3; thus, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, dysfunction major joints-right shoulder, bilateral carpal tunnel syndrome (right worse than left), depression, and anxiety." ECF No. 12, at 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b), except the claimant is never able to climb ladders, ropes, or scaffolds. The claimant is limited to frequent use of the right upper extremity for

*John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378
June 24, 2022
Page: 2

> pushing/pulling or operation of hand controls. The claimant is limited to occasional use of the right upper extremity for overhead reaching. The claimant is limited to frequent use of the right upper extremity for reaching in any other direction. The claimant is limited to frequent use of either upper extremity for fine fingering or grasping/handling small objects. The claimant needs to avoid work at unprotected heights. The claimant needs to avoid concentrated exposure to fume, odors, dusts, gases or other environmental irritants. The claimant needs to avoid concentrated exposure to extreme cold, heat or humid conditions. The claimant is able to understand and remember simple, routine instructions and carry out repetitive tasks. The claimant is able to make simple, work-related decisions. The claimant is able to deal with occasional changes in a routine work setting. The claimant is able to have occasional, non-collaborative, interaction with coworkers. The claimant is able to have occasional interaction with the general public. The claimant needs to avoid work on an assembly line or work requiring strict production rate pace.

*Id.* at 23. The ALJ determined that Plaintiff was unable to perform past relevant work as a "Drill Operator Helper/Construction Worker I," but could perform other jobs that exist in significant numbers in the national economy. *Id.* at 31-33. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.* at 33.

## II.  Plaintiff's Arguments on Appeal

Plaintiff raises two arguments on appeal. Specifically, Plaintiff argues: (1) the ALJ failed to properly consider medical opinions when making his RFC determination; and (2) substantial evidence does not support the ALJ's RFC determination. ECF No. 17. I consider each argument, in turn, below.

### i.  The ALJ's Evaluation of the Medical Opinions Was Proper.

Plaintiff first asserts that the ALJ did not properly consider the medical opinions in the record when making his RFC determination. ECF No. 17-1, at 5-7. Plaintiff argues that the ALJ incorrectly afforded little persuasive value to certain medical opinions because of the form in which they were presented. Specifically, he argues that the ALJ disregarded relevant opinions because they were misinterpreted as insurance forms or opinions made in support of Plaintiff's worker's compensation claim, rather than his claim for disability related assistance. *Id.* at 5-7. Plaintiff then cites to *Bird v. Commissioner*, 699 F.3d 337 (4th Cir. 2012) in support of the proposition that the ALJ is required to "consider medical evidence from a different governmental

Case 1:21-cv-01378-AAQ   Document 19   Filed 06/27/22   Page 3 of 8

*John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378
June 24, 2022
Page: 3

agency on the issue of disability." *Id.* at 8. Plaintiff also argues that the ALJ "cherry-picked" facts from medical opinions in opposition to the holding of *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). *Id.* at 5. Finally, Plaintiff argues that it was incorrect for the medical opinion of the "State agency physician" to be found "partially persuasive." *Id.* at 6.

### a. The ALJ Did Not Improperly Discount Medical Opinions Based on Their Form of Presentation.

When evaluating medical opinions in support of claims filed on or after March 27, 2017, the ALJ must follow the regulations set out in 20 C.F.R § 404.1520c. These regulations ask the ALJ to consider persuasiveness of the medical opinion itself, with a focus on factors such as supportability and consistency of the opinion and the provider's relationship with the claimant and specialization, among other factors. *See* 20 C.F.R § 404.1520c. Specifically, the ALJ must articulate how they considered the supportability and consistency factors. *Id.*

Plaintiff accurately notes that the ALJ afforded little persuasive value to the patient status report of June 17, 2016, in part, because "[the medical opinion] appears to be an insurance form, which does not use the same standard of disability as the Social Security Act." ECF No. 12, at 28. However, this was not the only reason the ALJ gave for its lack of persuasive value. The ALJ also noted that this opinion was completed prior to Plaintiff's second surgery on his right shoulder and later exams showed no evidence of muscular atrophy or lack of sensation in the upper extremities. *Id.* Accordingly, the ALJ properly provided evidence to support his conclusion that the opinion was not persuasive separate, and apart, from its form alone.

The ALJ did the same in his assessment according Dr. Michael Spodak's opinion little persuasive value. *Id.* at 30. In addition to noting that the opinion was conducted in connection with a worker's compensation claim, the ALJ noted that: 1) Dr. Spodak has "offered to provide ongoing treatment to the claimant" blurring the lines of an independent assessment; 2) the opinion provided no vocational limitations or restrictions; and 3) Plaintiff scored 30/30 on the mini-mental state examination. *Id.* at 30. Thus, the fact that the opinion was prepared for a worker's compensation claim was only one part of the ALJ's assessment of the persuasiveness of the evidence before him.

Plaintiff cites to *Bird*, 699 F.3d at 337, to support the argument that the ALJ should have considered evidence the petitioner presented in support of a worker's compensation claim. *Bird* is distinguishable in that it concerned the SSA's decision to ignore a disability rating from the United States Department of Veterans Affairs – another federal government agency. *Id*. at 345. In this case, Dr. Spodak's opinion is not a Veterans Affairs disability rating, nor an official rating from any other federal governmental agency. Medical evaluations prepared by a private entity that a plaintiff presented in another proceeding are distinct from a rating from another government agency.

### b. The ALJ Properly Considered Medical Opinions from Allstar Pain Management.

Plaintiff argues that the ALJ "cherry-picked" facts from medical opinions, improperly ignoring the findings of Allstar Pain Management which documented on-going pain and resulting limitations on Plaintiff's use of his right shoulder. ECF No. 17-1, at 5. Defendant, in response, argues that an "ALJ is not required to comment on every piece of evidence in record." ECF No. 18, at 9. While I agree that an ALJ is not required to discuss, in detail, every piece of evidence in the record, I note that there is a difference between an ALJ's failure to discuss a record that is merely repetitive of other records specifically discussed, and a failure to discuss records that directly contradict the ALJ's conclusions. *See Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Nonetheless, Plaintiff's complaint that the ALJ failed to consider records from Allstar Pain Management ignores the numerous instances in which the ALJ directly cited to and discussed such records. ECF No. 12, at 25, 27, 28, 29, 31 (discussing Exhibit 3F, Progress Notes from Allstar Pain Management).

### c. The ALJ Properly Considered Medical Opinions of State Medical Consultants That Did Not Examine the Plaintiff.

Finally, Plaintiff argues the ALJ erred in finding the opinions of the state agency medical consultants to be "partially persuasive" where the "State agency consultants never met or spoke to the Plaintiff, never evaluated him and were not privy to any medical evidence after December 23, 2019, the conclusion of their record review and determination." ECF No. 17-1, at 6. The fact that the state agency medical consultants did not evaluate Plaintiff is not a sufficient basis, on its own, for remand. Courts in this circuit, reviewing claims for SSA assistance, may consider "non-examining medical sources." *See e.g., Arakas v. Comm'r, Social Sec. Admin.*, 983 F.3d 83, 110 (4th Cir. 2020); *Bilotta v. Saul,* 850 Fed.Appx. 162, 170 (4th Cir. 2021). That said, where an ALJ gives "significant weight" to such consultants' findings, *Arakas*, 983 F.3d at 110, or where they are the only evidence supporting the ALJ's finding, *Bilotta*, 850 Fed.Appx. at 170, it may constitute error. Here, however, the ALJ only found them to be "partially persuasive", ECF No. 12, at 28, and considered various other records in support. *See e.g. supra* Section II.i.b. Accordingly, the consideration of these opinions in this case does not justify remand.

Plaintiff's argument that the consultants were not acquainted with medical evidence after December 23, 2019 does not warrant remand, as the ALJ had the opportunity to consider such evidence as part of his larger decision. *See Beach v. Comm'r, Social Sec. Admin.*, No. BPG-17-3130, 2018 WL 6344201, at *3 (D. Md. Aug. 29, 2018) (holding remand not appropriate where the ALJ reviewed the entire record even though it was not available to the state agency consultants in making their opinions); *Jordan v. Astrue,* No. BPG-09-1959, 2010 WL 5437205, at *4 (D. Md.

Case 1:21-cv-01378-AAQ   Document 19   Filed 06/27/22   Page 5 of 8

*John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378
June 24, 2022
Page: 5

Dec. 27, 2010) (holding remand inappropriate when a non-examining physician did not have access to plaintiff's complete medical record but where the ALJ had reviewed the entire record).

As a result of the foregoing, I find that the ALJ did not err in evaluating the medical opinions before him.

### ii. The ALJ Made a Proper RFC Determination.

Plaintiff's second argument is that the ALJ's Residual Functional Capacity ("RFC") was erroneous for several reasons. Plaintiff argues the ALJ: (1) improperly concluded Plaintiff's statements about the intensity, persistence, and limiting effect of his symptoms was inconsistent with his daily activities; (2) only used objective rather than subjective findings to evaluate his mental impairments; (3) "cherry-picked" facts; and (4) failed to account for Plaintiff's ability to stay on task. *Id.*

As noted in the opening paragraph of this letter, where the decision of the SSA is supported by substantial evidence, I must uphold that decision. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig,* 76 F.3d at 589. Substantial evidence is that "which a reasonable mind might accept as adequate to support a conclusion." *Dowling v. Comm'r of Social Sec. Admin,* 986 F.3d 377, 383 (4th Cir. 2021) (quoting *Pearson v. Colvin,* 810 F.3d 204, 207 (4th Cir. 2015)).

### a. Substantial Evidence Supports the ALJ's Finding That Plaintiff's Subjective Complaints About the Intensity, Persistence and Limiting Effects of His Depression and Anxiety Symptoms Were Inconsistent with His Admitted Daily Activities.

Plaintiff first alleges there was not substantial evidence to support the ALJ's conclusion that Plaintiff's subjective complaints about the intensity, persistence and limiting effect of his depression and anxiety symptoms were inconsistent with his admitted daily activities. ECF No. 17-1, at 11.

Evaluation of symptoms is governed by the regulations outlined at 20 C.F.R. § 404.1529. These regulations call for a two-step analysis whereby the ALJ first "looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Lewis,* 858 F.3d at 865-66. The ALJ then evaluates the intensity, persistence and limiting effects of the claimant's symptoms "to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." *Id.* During the second step, an ALJ may consider a claimant's daily activities. 20 C.F.R. § 404.1529(c)(3)(i).

Here, the ALJ determined that "the claimant's statements about the intensity, persistence, and limiting effects of his symptoms . . . are inconsistent because the Claimant's admitted daily

Case 1:21-cv-01378-AAQ Document 19 Filed 06/27/22 Page 6 of 8

*John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378
June 24, 2022
Page: 6

activities and abilities do not support a finding of disability." ECF No. 12, at 26. Plaintiff cites to *Arakas,* 983 F.3d at 101, in order to support the proposition that the intensity, persistence, and limiting effects of Plaintiff's depression and anxiety is not necessarily inconsistent with his daily activities. *Id.* at 10.

I agree with *Arakas*' conclusion that "[a] claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities." *Arakas*, 983 F.3d at 101. However, in this case, the ALJ found Plaintiff's statements as to the intensity, persistence, and limiting effects of his depression and anxiety to be inconsistent for other reasons, in addition to evidence of his daily activities. The other evidence included the psychological treatment and reports from Leslie Montgomery, Richard Podolin, Harvey Fernbach, Aaron Noonberg, Stephen Seibert, and Michael Spodak. ECF No. 12, at 25-27. The ALJ also discussed Plaintiff's own statements as to his improved mood. *Id.* at 26.

Moreover, in *Arakas*, the Fourth Circuit remanded where the ALJ erroneously analyzed the claimant's daily activities by disregarding qualifying statements regarding the extent to which those activities could be performed. 983 F.3d at 100. Notably, the ALJ in *Arakas* "failed to account for significant other testimony" and "selectively cited evidence concerning tasks which [claimant] was capable of performing." *Id.* at 100. However, in the case before us, the ALJ discussed some of the qualifying statements regarding the extent of Plaintiff's daily activities. For example, he described how Plaintiff often spends time in his room, has difficulty relaxing, and trouble sleeping. ECF No. 12, at 24. He also discussed the fact that the Plaintiff cannot reach overhead, has to turn his body to pick up an item dropped, and uses plastic bottles and dishware to prevent breaking items. *Id*.

### b. The ALJ Properly Considered Both Plaintiff's Subjective Complaints and Objective Medical Findings.

Along similar lines, Plaintiff next argues that the ALJ should not have discounted his subjective complaints of the intensity, persistence, and limiting effects of his depression and anxiety in favor of objective medical findings in the record. ECF No. 17-1, at 11-12. In the case before us, the ALJ determined Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record . . ." *Id.*

As noted above, in evaluating the intensity, persistence and limiting effects of the claimant's symptoms, an ALJ may consider a claimant's daily activities. 20 C.F.R. § 404.1529(c)(3)(i). The ALJ may also consider objective medical evidence, 20 C.F.R. § 404.1529(c)(2), as well as type, dosage, effectiveness, and side effects of any medication, and treatment, other than medication, among other factors. 20 C.F.R. § 404.1529(c)(3). Thus, while a plaintiff may rely exclusively on subjective evidence in proving this second part of the test, where objective medical evidence exists, the ALJ may consider it so long as objective evidence is not

"effectively required." *Arakas,* 983 F.3d at 95 (quoting *Hines v. Barnhart*, 453 F.3d 559, 564-65 (4th Cir. 2006)).

Here, as the ALJ noted in his decision, objective medical evidence showed that Plaintiff was diagnosed with major depression by more than one medical provider, as well as anxiety. ECF No. 12, at 26. The decision also notes changes in Plaintiff's mood over time and Plaintiff's ability to fully concentrate. *Id.* The ALJ also considered the fact that Plaintiff was prescribed medication for his depression and anxiety and participated in goal-directed behavioral treatment. *Id.*

Plaintiff's citation to *Arakas* is unpersuasive. In *Arakas,* the ALJ improperly penalized the claimant for being unable to present objective evidence supporting the claimant's complaints regarding fibromyalgia. The Fourth Circuit reasoned that, when a claimant alleges certain limitations such as those related to fibromyalgia or other conditions, an ALJ could not discredit a claimant's subjective complaints merely because they were not supported by objective evidence. In this case, Plaintiff was able to present objective evidence in support of his diagnosis, which the ALJ considered. As the ALJ noted, Plaintiff's clinical results were not normal—they resulted in definitive diagnoses of major depression and anxiety. ECF No. 12, at 26. This readily distinguishes this case from *Arakas*. *See Arakas*, 983 F.3d at 97 ("While the ALJ may have considered other evidence, his opinion indicates that the lack of objective medical evidence was his chief, if not definitive, reason for discounting Arakas's complaints."). Accordingly, I cannot conclude, on this basis, that the ALJ's decision was not supported by substantial evidence.

### c. The ALJ Did Not "Cherry Pick" Facts.

Plaintiff then argues that the ALJ "cherry-picked statements in the medical records." ECF No. 17-1, at 11. An ALJ does not have to reference every piece of evidence considered in making a final RFC determination. *See Reid,* 769 F.3d at 865; *Cynthia J,* 2020 WL 2797465, at *3. In addition, as the Commissioner correctly points out, Plaintiff has not indicated what testimony or statement the ALJ failed to consider and how that omission led to prejudice against Plaintiff. ECF 18-1, at 8.

### d. The ALJ Properly Accounted for Plaintiff's Ability to Stay on Task.

Finally, Plaintiff argues that the ALJ's RFC determination does not properly account for his ability to stay on task. ECF 17-1, at 11. Plaintiff notes that the ALJ determined Plaintiff's depression and anxiety were addressed, in part, by non-exertional limitations of "simple instructions, routine tasks, no production pace work and only occasional interaction with coworkers and the general public." *Id.* Plaintiff responds that limitations of "simple, routine tasks or unskilled work" do not account for his limitations in concentration, persistence and pace per *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015), as the ability to perform simple tasks differs from the ability to stay on task. *Id.*

*John O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01378
June 24, 2022
Page: 8

The court in *Mascio* remanded where the ALJ gave an insufficient hypothetical to the vocational expert ("VE") that did not include the claimant's mental limitations, after the ALJ had determined the claimant had moderate difficulties in maintaining her concentration, persistence, or pace. *Id.* at 637-38.

Unlike *Mascio*, in the instance case, the ALJ did include Plaintiff's mental limitations in his hypothetical to the VE, as well as in his final RFC determination, and both addressed concentration, persistence, or pace. For example, the ALJ included the following limitations of in his hypothetical to the VE: "being able to understand and remember simple routine instructions and carry out repetitive tasks, being able to make simple work-related decisions . . . and also needing to avoid work on an assembly line or work requiring a strict production rate pace." ECF No. 12, at 76. The ALJ also included this limitation in his final RFC stating, "The claimant needs to avoid work on an assembly line or work requiring a strict production rate pace." *Id.* at 23. Thus, it is evident that the ALJ's hypothetical moved beyond a limitation on simple, routine tasks to addressing concentration, persistence, and pace limitations.

For all the foregoing reasons, I find that the ALJ made a proper RFC determination based on the evidence in the record before him.

## III.  CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 18, is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, ECF No. 17, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE the case.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge